IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00951-LTB-MEH

AMERICAN UTILITY METALS, LLC,

    Plaintiff,
v.

MICHAEL T. PRUETT,
JACK F. NORTHART, and
ATLAS STEEL PRODUCTS CO,

    Defendants.

## STIPULATED PROTECTIVE ORDER

Upon a showing of good cause for the protection of confidential information, documents, and other things produced, served or otherwise provided in this action by the parties or third parties,

IT IS ORDERED:

1. <u>Designated Material</u>.

Information, material and/or discovery responses may be designated pursuant to this Stipulated Protective Order by the person or entity producing or lodging it or by any party to this action (the "Designating Party") if: (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure, Local Rules of this Court or in response to any other formal or informal discovery request or order in this action; and/or (b) filed or lodged with the Court. All such information, material and/or discovery responses and all information or material derived therefrom shall be considered "Designated Material" under this Stipulated Protective Order. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, Designated Material shall be used only in the trial and preparation for trial of this action and shall not be used or disclosed by the receiving party except as expressly provided under the terms of this Stipulated Protective Order.

2. Access.

2.1 Materials Designated "CONFIDENTIAL." Subject to the limitations set forth in this Stipulated Protective Order, Designated Material may be marked "CONFIDENTIAL" for the purposes of (i) avoiding invasions of individual privacy and (ii) protecting non-public proprietary information and confidential business, technical and/or financial information relating to the Designating Party's business, technical, personal, or financial affairs. Subject to Section 3 below, materials designated "CONFIDENTIAL" may be disclosed to:

(a) Persons who appear on the face of Designated Materials marked "CONFIDENTIAL" as an author, addressee or recipient thereof;

(b) Outside counsel of record for the parties to this action, as well as their partners, associates, and employees of such counsel to the extent reasonably necessary to render professional services in this action;

(c) The individual Defendants; provided that disclosure may take place and access may be granted to such persons only at the offices of a party's outside counsel;

(d) Those officers, directors and employees of any other party to this action that the respective counsel of record deems necessary for the preparation of this case; provided that disclosure may take place and access may be granted to such officers, directors and employees only at the offices of the party's outside counsel; and

(e) Non-party consultants retained by outside counsel of record and retained experts (collectively, "Consultants").

2.2 Materials Designated "HIGHLY CONFIDENTIAL." Subject to the limitations set forth in this Stipulated Protective Order, Designated Material may be marked "HIGHLY CONFIDENTIAL" for the purposes of (i) avoiding invasions of individual privacy and (ii) protecting

non-public information relating to the Designating Party's business, technical, personal, or financial affairs that derives actual or potential independent value from not being generally known to the public or to persons who can obtain value from its disclosure. Subject to Section 3 below, materials designated "HIGHLY CONFIDENTIAL " may be disclosed to:

(a) Persons who appear on the face of the Designated Material marked HIGHLY CONFIDENTIAL as an author, addressee or recipient thereof, except that if a party gives notice to all other parties that a designated addressee or recipient of the Designated Material was not authorized to receive such Designated Material, such disclosure may take place and access may be granted to such person(s) only at the offices of a party's outside counsel;

(b) Outside counsel of record for the parties to this action, as well as the partners, associates, and employees of such counsel to the extent reasonably necessary to render professional services in this action;

(c) Testifying, consulting and retained experts; and

(d) One designee of each party. For purposes of this provision, each party who is an individual may only designate himself and so long as Jack Northart is an employee of Atlas Steel, Atlas Steel may designate Jack Northart, but is not required to designate Jack Northart; provided that disclosure of the Designated Material may take place and access may be granted to such persons only at the offices of a party's outside counsel. Without limiting the protection of the attorney-client/work product privileges that would, by operation of law, apply, the parties to this Order stipulate and agree that any communications Jack Northart may have with Atlas Steel counsel while in the employ of Atlas Steel concerning Designated Material shall be and are considered to be subject to the work product and attorney-client privileges.

2.3 Upon the termination of this action, all recipients of Designated Material pursuant to

Section 2 shall return all Designated Material (and all copies thereof) to outside counsel of record for disposal by outside counsel in the manner described in Section 12.2 of this Stipulated Protective Order.

3. <u>Certificates Concerning Designated Materials</u>.

    3.1    Each person to whom any Designated Material may be disclosed pursuant to the provisions of Sections 2.1(c), (d) and (e) and 2.2(c) above, shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Stipulated Protective Order and shall certify under penalty of perjury that he or she has carefully read the Stipulated Protective Order and fully understands its terms. This certificate shall be in the form attached as Exhibit A. Counsel who makes any disclosure of Designated Materials pursuant to Sections 2.1(c), (d) and (e) and 2.2(c) above shall retain each original executed certificate and, upon written request, shall circulate copies to all counsel of record.

    3.2    In addition, each Consultant to whom HIGHLY CONFIDENTIAL material will be disclosed under Section 2.2(c) shall, prior to disclosure of HIGHLY CONFIDENTIAL material, execute the Certification of Consultant in the form attached hereto as Exhibit B. Upon receipt of this Certification of Consultant by counsel for party retaining the Consultant, a copy of such Certification, together with a résumé or curriculum vitae of such Consultant showing employment or engagements for at least the preceding five (5) years, shall be transmitted to counsel for the Designating Party. If, within ten (10) days after receipt of such Certification and résumé or curriculum vitae, the Designating Party objects in writing to disclose "Highly Confidential" Designated Materials to such Consultant, no such disclosure shall be made except upon further order of this Court.

4. <u>Use Of Designated Materials By Designating Party</u>.

    Nothing in this Stipulated Protective Order shall limit any Designating Party's use of its own

documents and information nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Stipulated Protective Order, so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

5. <u>Designating Materials</u>.

    5.1    Documents, materials and discovery responses, in whole or in part, may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as follows:

    5.2    The producing or responding party shall designate materials by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the materials prior to production.

    5.3    When a party wishes to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials produced by someone other than the Designating Party, such designation shall be made:

    (a)    Within twenty days (20) from the date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

    (b)    By notice to all parties to this action and to the Producing Party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material). Such notice shall be sent by facsimile and regular mail.

    5.4    Upon notice of designation pursuant to Sections 5.2 or 5.3 above, all other parties receiving notice of the requested designation of materials shall:

    (a)    Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Stipulated Protective Order;

(b) Take reasonable steps to notify any persons to whom the other parties may have disclosed Designated Materials of the effect of such designation under this Stipulated Protective Order; and

(c) Take reasonable steps to reclaim from or prevent access by others to whom the other parties may have disclosed Designated Material or information and who are not permitted to have access under the terms of this Stipulated Protective Order.

6. <u>Designating Depositions</u>.

6.1 Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a party during or after the deposition testimony taken in this action. If designated during a deposition, the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

6.2 Where testimony is designated at a deposition, the Designating Party shall have the right to exclude at those portions of the deposition all persons not authorized by the terms of this Stipulated Protective Order to receive such Designated Material.

6.3 Any party may, within twenty (20) days after receiving a deposition transcript, designate pages of the transcript and/or its exhibits as Designated Material. If any party so designates such material, the parties or deponents shall provide written notice of such designation to all parties within the twenty-day (20) period. Until the expiration of the twenty-day (20) period, any portion of the deposition not previously designated shall be treated as "HIGHLY CONFIDENTIAL" and subject to protection as provided by this Stipulated Protective Order. After the expiration of the twenty-day (20) period, if no party or deponent has timely designated any additional material, then

such undesignated transcript and/or exhibits may be disclosed without restriction.

7.  Copies.

All complete or partial copies, summaries or extracts of Designated Materials shall also be deemed subject to the terms of this Stipulated Protective Order.

8.  Court Procedures.

8.1  Disclosure of Designated Material to Court Officials. Subject to the provisions of this Section 8, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court) and the jury in this action.

8.2  Obligations of the Court. The parties agree that the employees of the Court or the Clerk's office have no duty to the parties to maintain the confidentiality of any information in any papers filed with the Court.

8.3  Filing Designated Materials with the Court. In applications and motions to the Court, all Designated Material filed with the Court shall be filed under seal in accordance with D.C.Colo.L.Civ.R. 7.2 and 7.3 and accompanied.by a separate Motion to Seal. The submission shall indicate clearly which portions are Designated Materials. For the convenience of the parties and the Court, a party that files a paper that is a pleading, brief, declaration or exhibit and that contains, in excerpts, quotes or paraphrases Designated Material and undesignated material may file the entire paper under seal.

8.4  Failure to File Under Seal. If any party fails to file Designated Materials under seal, the Designating Party or any party to this action may request that the Court place the Designated Materials under seal within twenty (20) days of the filing of said Designated Materials.

9.  Objections.

9.1     A party may challenge the propriety of any designation under this Stipulated Protective Order at any time.  A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity the Designated Materials as to which the designation is challenged, state the basis for each challenge and propose a specific re-designation for each item of Designated Materials for which a challenge is made ("Notice of Objection").  Service of a Notice of Objection shall be made by facsimile and by mail.

9.2     On, but not before, the twentieth (20th) day after service of a Notice of Objection, the challenged material shall be deemed redesignated unless the Designating Party has previously filed and served by fax or hand delivery a motion for a protective order to maintain the original designation or designating the material otherwise.  In the event of such a motion, the material at issue may be submitted to the Court for in camera inspection.  It shall be the burden of the Designating Party under such circumstances to establish that the information so designated is "CONFIDENTIAL" (i.e., designated for the purpose of avoiding invasions of individual privacy and of protecting non-public proprietary information, confidential business, technical and/or financial information relating to the Designating Party's business, technical, personal, or financial affairs) or "HIGHLY CONFIDENTIAL" (i.e., designated for the purposes of (i) avoiding invasions of individual privacy and (ii) protecting non-public information relating to the Designating Party's business, technical, personal, or financial affairs that derives actual or potential independent value from not being generally known to the public or to persons who can obtain value from its disclosure) within the meaning of this Protective Order.  Upon the timely filing of such a motion, the original designations shall remain effective until ten (10) days after service of notice of entry of an order redesignating the materials and during the pendency of any request for appellate review filed within the ten (10) day period.

9.3     The parties shall meet and confer in good faith prior to the filing of any motion under this Section 9.

10.     Client Communication.

Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material. In rendering such advice and otherwise communicating with the client, however, counsel shall not make disclosure of any Designated Material or information contained in Designated Material, except as permitted by this Stipulated Protective Order.

11.     No Prejudice.

11.1    This Stipulated Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

11.2    Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Stipulated Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

11.3    If any person required to produce documents inadvertently produces any Designated Material without marking it with the appropriate legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped copies of the Designated Material, that the document, thing, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Stipulated Protective Order.

11.4    Neither the provisions of this Stipulated Protective Order, nor the filing of any material under seal, shall prevent the use in open court, at any hearing, or at trial of this case of any material that is subject to this Stipulated Protective Order or filed under seal pursuant to its provisions. Prior

to trial, the parties shall meet and confer after the pretrial conference concerning appropriate methods for dealing with Designated Material at trial.

12. Modification and Survival.

   12.1  Modification.  All parties reserve the right to seek modification of this Stipulated Protective Order at any time for good cause.  The parties agree to meet and confer prior to seeking to modify this protective order for any reason.  The restrictions imposed by this Stipulated Protective Order may only be modified or terminated by written stipulation of all parties or by order of this Court.

   12.2  Survival and Return of Designated Material.  This Stipulated Protective Order shall survive termination of this action.  Upon final termination of the action, including appeals and retrials, and at the written request of the Designating Party, all Designated Material, including deposition testimony regarding designated exhibits and all copies thereof, shall be returned to counsel for the Designating Party or, if such party is not represented by counsel, directly to the Designating Party.  Such Designated Materials shall either be returned at the expense of the Designating Party or, at the option and expense of the Designating Party, destroyed.  Upon request for the return or destruction of Designated Materials, counsel of record shall certify their compliance with this provision and shall deliver such certification to counsel for the Designating Party not more than 90 days after the written request to return or destroy Designated Materials.

   12.3  Notwithstanding the provisions for return or destruction of Designated Material, outside counsel may retain archival copies, in paper and/or electronic media, of pleadings, attorney and consultant work product, databases, deposition transcripts and exhibits containing Designated Material.

13. No Contract.

This stipulation is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

14. Court's Retention of Jurisdiction.

The Court retains jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate.

Dated at Denver, Colorado this 29th day of January, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

Exhibit A

Certification Concerning Material Covered By Stipulated Protective Order

I, the undersigned, hereby certify that I have read the attached Stipulated Protective Order entered in the United States District Court for the District of Colorado, entitled *American Utility Metals, LLC v. Michael T. Pruett, et al.*, Case No. 07-cv-00951-LTB-MEH I understand the terms of this Stipulated Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court for the District of Colorado with respect to any proceeding related to the enforcement of this Stipulated Protective Order, including any proceedings related to contempt of Court. I will use Designated Material marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only in the trial and preparation for trial of this action and will not disclose any such Designated Material to anyone other than persons specially authorized by the Order and agree to return all such Designated Material which come into my possession to counsel from whom I received such Designated Material.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

Relationship to this action and its parties: _____



Dated:_____                    _____
                                          Signature

Exhibit B

Consultant Certification

I, the undersigned, hereby certify I have read the attached Stipulated Protective Order entered in the United States District Court for the District of Colorado, entitled *American Utility Metals, LLC v. Michael T. Pruett, et al.*, Case No. 07-cv-00951-LTB-MEH. I certify that I am not engaged in business as a competitor of any person or entity currently a party to this action. If at any time after I execute this Consultant Certification and during the pendency of the action I become engaged in business as a competitor of any person or entity currently a party to this action, I will promptly inform the attorneys for the party who retained me in this action, and I will not thereafter review any Designated Material marked "HIGHLY CONFIDENTIAL" unless and until the Court in the action orders otherwise.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

Dated:_____        _____
                                    Signature